# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>            Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>            Respondent. | Case No. 1:25-cv-01885-SKO<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS<br><br>(21-DAY OBJECTION DEADLINE) |

On December 16, 2025, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 in this Court. Upon review of the petition, the Court finds that mandamus relief is unavailable. Therefore, the Court will recommend the petition be DISMISSED WITH PREJUDICE.

**DISCUSSION**

I.   Preliminary Screening of Petition

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1

1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II.     Legal Standards Applicable to Petitions for Writ of Mandamus

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

However, mandamus is an extraordinary remedy. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998).  Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

III.     Analysis

Petitioner claims he was "granted discharge from custody," and the Warden owes a duty to release him. (Doc. 1 at 1-2.) Petitioner offers no proof of his claim of discharge. He has attached exhibits to his petition, but none of the exhibits have anything to do with release from custody. Petitioner's first exhibit is a copy of a "Claimant Grievance Release Acknowledgement" which reflects Petitioner's grievance or request for reasonable accommodation has been assigned for review and response.  (Doc. 1 at 3.) The second exhibit is a copy of Petitioner's "Grievance/Reasonable Accommodation Request." (Doc. 1 at 4-5.) The grievance concerns Petitioner's request for his case records. Again, nothing in the exhibits

1  reflect entitlement to release from custody, and instead appear to relate to the conditions of
2  Petitioner's confinement.

3       In any case, mandamus relief is not available because Respondent is not an officer,
4  employee or agency of the United States.  Title 28 U.S.C. § 1651(a) does not invest a federal
5  district court with the power to compel performance of a state court, judicial officer, or another
6  state official's duties under any circumstances. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465
7  U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state
8  officials to conform their conduct to state law).  Thus, a petition for mandamus to compel a
9  state official to take or refrain from some action is frivolous as a matter of law. <u>Demos v. U.S.</u>
10 <u>District Court</u>, 925 F.2d 1160, 1161–72 (9th Cir.1991); <u>Robinson v. California Bd. of Prison</u>
11 <u>Terms</u>, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs
12 of mandamus to direct state agencies in the performance of their duties); <u>Dunlap v. Corbin</u>, 532
13 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court
14 to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982). Therefore,
15 mandamus relief is unavailable.

16 **ORDER**

17      IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district
18 judge to the case.

19 **RECOMMENDATION**

20      For the foregoing reasons, the Court RECOMMENDS that this action be DISMISSED
21 WITH PREJUDICE.

22      This Findings and Recommendation is submitted to the United States District Court
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
24 304 of the Local Rules of Practice for the United States District Court, Eastern District of
25 California.  Within twenty-one (21) days after being served with a copy of this Findings and
26 Recommendation, a party may file written objections with the Court and serve a copy on all
27 parties. <u>Id</u>. The document should be captioned, "Objections to Magistrate Judge's Findings and
28 Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good

cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 17, 2025**             /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE